UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBBIE L. BLOCK,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security<br><br>Defendant. | No. 2:16-cv-2230-EFB<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for a period of disability and Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. The parties have filed cross-motions for summary judgment. For the reasons discussed below, plaintiff's motion for summary judgment is granted, the Commissioner's motion is denied, and the matter is remanded for further proceedings.

I.  Background

Plaintiff filed applications for a period of disability, DIB, and SSI, alleging that he had been disabled since May 29, 2011. Administrative Record ("AR") 190-203. Plaintiff's applications were denied initially and upon reconsideration. *Id.* at 126-132, 135-139. On November 5, 2014, a hearing was held before administrative law judge ("ALJ") Mark C. Ramsey.

1

*Id.* at 33-63. Plaintiff was represented by counsel at the hearing, at which he and a vocational expert testified. *Id.*

On March 10, 2015, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Act.[1] *Id*. at 16-28. The ALJ made the following specific findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2016.

2. The claimant has not engaged in substantial gainful activity since May 29, 2011, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

/////

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

2

3. The claimant has the following severe impairment: anxiety, panic disorder with agoraphobia, and depression (20 CFR 404.1520(c) and 416.920(c)).

   * * *

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

   * * *

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant can perform simple, unskilled work in a nonpublic setting with occasional fellow employee contact.

   * * *

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

   * * *

7. The claimant was born [in] 1985 and was 26 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

    * * *

11. The claimant has not been under a disability, as defined in the Social Security Act, from May 29, 2011, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

*Id.* at 18-27.

Plaintiff's request for Appeals Council review was denied on July 25, 2016, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-4.

3

II. Legal Standards

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). ECF No. 13 at 15-22.

III. Analysis

Plaintiff argues that the ALJ erred in rejecting his subjective statement without providing clear and convincing reasons. ECF No. 12 at 5-14.

A. Relevant Legal Standards

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). If there is objective medical evidence of impairment, the ALJ may then consider the nature of the symptoms alleged, including aggravating factors, medication, treatment, and functional restrictions. *See id.* at 345-347. The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a

prescribed course of treatment, and (3) the applicant's daily activities. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). Work records, physician and third party testimony about nature, severity and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant. *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). A failure to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment. *See Flaten v. Secretary of HHS*, 44 F.3d 1453, 1464 (9th Cir. 1995). The ALJ may rely, in part, on his or her own observations, *see Quang Van Han v. Bowen*, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot substitute for medical diagnosis. *Marcia v. Sullivan*, 900 F.2d 172, 177 n. 6 (9th Cir. 1990). "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." *Morgan*, 169 F.3d at 599.

  B. <u>Background</u>

At the administrative hearing, plaintiff testified that he was unable to work due to his anxiety and depression. AR 46. He stated that his anxiety makes it difficult for him to leave his apartment and interact with people. *Id*. He typically experiences 10 to 15 anxiety attacks a day, which last between 15 and 20 minutes. *Id*. at 46-47. During these attacks, his heart beats frequently, he has racing thoughts, and he gets sweaty and nauseous. *Id*. at 47. He tries to alleviate his symptoms by pacing around his apartment, which helps to calm him down. *Id*. He also testified that he likes to be by himself because being around others makes him feel panicky and nervous. As for his depression, he testified that he feels hopeless, alone, and generally not good about himself. *Id*. at 48. He noted only feeling normal about 2 days a month, while feeling depressed the remaining days. *Id*. at 49. He also reported being unable to get out of bed approximately 15 days a month. *Id*.

In regards to his activities, he testified that he lives by himself, vacuums his apartment, does laundry at a laundromat, prepares one meal a day, watches television, shops for groceries every other week, and will go to Walmart every couple months to get non grocery items. AR 39, 42. He further noted that his shopping trips were usually limited to 15 to 20 minutes because

5

being around people caused anxiety. AR 39. Aside from these limited tasks and attending medical appointments, he essentially denied engaging in any other activities. *Id*. at 40, 42-43. He testified that he has no friends, has not communicated with family in the past two years, and does not do any activities with his two children. *Id*. at 41, 51. Plaintiff did disclose, however, that he was in an eight-year relationship, but it ended the prior year because his girlfriend could no longer handle his medical issues. *Id*. at 50.

### C. Discussion

As a threshold matter, the Commissioner argues that the ALJ was not required to provide clear and convincing reasons for rejecting plaintiff's testimony because there is evidence of malingering. ECF No. 13 at 6. An ALJ may reject a claimant's "testimony only upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so." *Benton ex rel. Bentron v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). "[U]nless an ALJ makes a finding of malingering based on affirmative evidence . . ., he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each." *Robbins v. Social. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir 2006).

The record reflects that on one occasion plaintiff's treating physician expressed some suspicion of malingering. In June 2013, plaintiff reported intolerable side effects from his medication, significant worsening of his anxiety, restlessness, low mood, anhedonia, poor concentration, and "bad thoughts" of cutting himself. AR 361. He also reported talking to himself for hours in his bathroom, but he was unable to elaborate about the subject matter. *Id*. Plaintiff's treating physician observed that were "clear signs of anxiety and depression on mental status exam," but also stated that there was "[s]ome suspicion for malingering today given atypical symptoms symptoms [sic] spanning many disparate diagnoses, ie anxiety, depression, borderline personality, psychosis and OCD." *Id*.

While plaintiff's physician expressed "some suspicion for malingering," he did not make a definitive finding of malingering. More significantly, neither did the ALJ. Rather, the ALJ merely summarized the June 2012 treatment note, without making a finding as to whether plaintiff was malingering. Suspicion is not a substitute for a factual finding. As the ALJ failed to

6

make a finding of malingering, he was required to provide clear and convincing reasons for rejecting plaintiff's testimony. *See Robbins*, 466 F.3d at 883.

The ALJ provided the following explanation as to why he found plaintiff's testimony not credible:

> [T]he undersigned finds the medical evidence of record does not support the level of severity the claimant . . .allege[s]. Treatment notes show that despite some continued symptomology, his treating source opined his response to medication was adequate and he enjoyed some improvement. Mental status exams consistently showed findings consistent with anxiety and social isolation as well as fair memory and concentration. Treatment continues to be conservative. Medical opinion does not support significant limitations from a mental standpoint.

AR 24.

Thus, the ALJ discounted plaintiff's credibility because (1) plaintiff improved with medication, (2) his treatment was conservative, and (3) the severity of his allegations was not supported by the medical record, including medical opinion evidence.

The ALJ's first reason—that plaintiff's impairments improved with medication—is based on a mischaracterization of the record and apparent cherry-picking of statements. As for the mental health issues, "[c]ycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). Moreover, "[r]eports of 'improvement' in the context of mental health issues must be interpreted with an understanding of the patient's overall well-being and the nature of her symptoms." *Id*.

The ALJ failed to consider the overall nature of plaintiff's anxiety, instead focusing entirely on statements suggesting improvement. For instance, the ALJ correctly noted that in September 2012, plaintiff reported a slight decrease in anxiety and depression with Celexa. *Id*. at 345. However, he fails to mention that the same treatment record reflects complaints of significant anxiety. *Id*. at 345. The ALJ also fails to acknowledge that the following month plaintiff saw an increase in anxiety and decreased frustration tolerance. *Id*. at 344.

/////

Likewise, the ALJ also observed that plaintiff reported some decrease in anxiety in March, April, and June 2013. *Id*. at 23. But medical records from those months describe plaintiff's improvement as only slight, and also reflect that plaintiff consistently appeared anxious on exam and reported feeling anxious in public. *Id*. at 361-63. The treatment records from 2014 also generally reflect "some improvement" in plaintiff's symptoms, as well noting that plaintiff's response to medications was partial but adequate. *Id*. at 366-68. But like plaintiff's other medical records, they also continued to document ongoing symptoms of anxiety and difficulty venturing into public. *Id*.

Although plaintiff's medical record demonstrates some improvement, they also reflect that plaintiff's symptoms of depression and anxiety largely persist. Indeed, even the ALJ's decision acknowledged that plaintiff's "mental status exams consistently" reflected "visible anxiety, poor eye contact, soft, rapid speech, and anxious mood and affect." *Id*. at 23. Notably, plaintiff's treatment records also fail to demonstrate any improvement in plaintiff's ability to interact with others. Instead, they reveal that plaintiff continues to isolate himself in his apartment, only briefly venturing out to obtain necessities. *See id.* at 335, 344-46, 361-64, 366-68. Accordingly, the ALJ erred by isolating statements that plaintiff showed slight improvements and an adequate (but only partial) response to medication without considering the over-all nature of plaintiff's symptoms. *See Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) ("That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her . . . ."); *see also Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011) ("[A]lthough Scott had improved with treatment, she nevertheless continued to frequently experience bouts of crying and feelings of paranoia. The ALJ was not permitted to 'cherry pick' from those mixed results to support a denial of benefits.").

The ALJ also concluded plaintiff was not credible because his treatment was conservative. AR 24. "[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (finding that a favorable response to conservative treatment undermined the plaintiff's reports of debilitating pain). "However, a

mental health medication regimen, involving numerous variations of medications and treatment and spanning multiple years is not fairly characterized as 'conservative care.'" *Wyatt v. Colvin*, 2016 WL 6102335, at *6 (C.D. Cal. Oct. 19, 2016). Moreover, "the fact that treatment may be routine or conservative is not a basis for finding subjective symptom testimony unreliable absent discussion of the additional, more aggressive treatment options the ALJ believes are available." *Moon v. Colvin*, 139 F. Supp. 3d 1211, 1220 (D. Or. 2015) (citation omitted).

Plaintiff received mental health treatment from August 2011 through at least October 2014. AR 333-68. During this time, plaintiff was prescribed a variety of medications for his anxiety and depression, including Prozac, Propranolol, Trazodone, Zoloft, Celexa, and Gabapentin. *See, e.g., id*. at 333, 340, 344, 361. The ALJ does not identify any evidence in the record suggesting that treatment of plaintiff's impairments with these pharmaceuticals constituted "conservative treatment." Nor does the ALJ identify any alternative or more aggressive treatment options that plaintiff should have pursued. Rather, the ALJ only provided his conclusory statement that plaintiff's treatment was conservative. Under the circumstances, this conclusory finding falls far short of satisfying the clear and convincing standard.

The remaining reason provided for rejecting plaintiff's subjective complaints is that they were unsupported by the medical evidence, including the medical opinion evidence of record. AR 24. This reasons alone, even if supported by substantial evidence[2] cannot support the ALJ's adverse credibility determination. *See Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (An ALJ "may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain."); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis.").

/////

---

[2] The ALJ finding that plaintiff's testimony is unsupported by the medical evidence is dubious at best. Plaintiff's testimony reflects that his most significant problem is leaving his apartment and interacting with others due to anxiety. AR 39-52. As discussed above, plaintiff's anxiety and reports of difficulty interacting with others is consistently documented in his medical records.

9

In her cross-motion, the Commissioner also contends that the ALJ discussed activities of daily living that were inconsistent with the level of limitation alleged. ECF No. 13 at 7. The Commissioner argues that plaintiff's ability to live alone, change linens, do laundry, vacuum, shop every two weeks, cook, and ride the bus to his medical appointments is inconsistent with degree of incapacity alleged by plaintiff. *Id*. In his decision, the ALJ did discuss plaintiff's activities of daily living, but he did not rely on any of plaintiff's reported activities in assessing his credibility. As such, this reason may not serve as a basis for sustaining the ALJ's credibility determination. *See Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require [the court] to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking."); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (a district court is "constrained to review the reasons the ALJ asserts"); *see also Hernandez v. Colvin*, 2014 WL 185742, at *3 (C.D. Cal. Jan. 15, 2014) ("Whether accurate or inaccurate, the 'reasons' gleaned by [the Commissioner] but not specifically and expressly stated by the ALJ as the reason(s) for the credibility determination cannot properly form the basis for a judicial affirmance of the credibility determination.").

None of the ALJ's reasons were clear and convincing. Accordingly, the ALJ erred in rejecting plaintiff's testimony.

D. <u>Remand for Further Proceedings</u>

"A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (internal quotes and citations omitted). A district court may remand for immediate payment of benefits only where "(1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) there are no outstanding issues that must be resolved before determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Benecke v. Barnhart*, 379 F.3d 587, 563 (9th Cir. 2004). However, even where all three requirements are satisfied, the

court retains "flexibility" in determining the appropriate remedy. *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014). "Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits." *Dominguez*, 808 F.3d at 407.

The court cannot find that further administrative proceedings would serve no useful purpose. Accordingly, remand for further proceedings is appropriate.

IV. Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is granted;

2. The Commissioner's cross-motion for summary judgment is denied;

3. The matter is remanded for further consideration consistent with this order; and

4. The Clerk is directed to enter judgment in plaintiff's favor and close the case.

DATED: March 31, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE